UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:07CR154-C

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **CONSENT ORDER AND** |
| ) | **JUDGMENT OF FORFEITURE** |
| (2) KATHLEEN GIACOBBE, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the defendant's conviction at trial, and finding that there is a substantial nexus between the property listed below and the offense(s) of which the defendant has been convicted and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. §982, 21 U.S.C. §853, and/or 28 U.S.C. §2461(c):

> **(a) real property known as Lot A5/125 Overlook Circle, St. Johnsbury, Vermont;**
>
> **(b) real property known as 148 Abbey Road, Lyndon, Vermont;**
>
> **(c) all funds in the following accounts at Community National Bank, Derby, Vermont:**
>
>> **(i) No. xxxxx1901 in the name of K&M Online Services Inc., dba Your Online Doctor, consisting of approximately $16,370.27.**
>>
>> **(ii) No. xxxxx7818 in the name of Dennis Giacobbe and/or Kathleen Giacobbe, consisting of approximately $3,494.95.**
>>
>> **(iii) No. xxxxx0501 in the name of Kathleen Giacobbe, consisting of approximately $4255.94.**
>>
>> **(iv) No. xxxxx1418 in the name of Kathleen Giacobbe, consisting of approximately $62.68.**

In addition, defendant consents to the entry of a money judgment of forfeiture for criminal proceeds in the amount of $2 million.

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described real and personal property;

3. the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the forfeited property, and shall publish notice of this forfeiture as required by law;

4. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

EDWARD R. RYAN
ACTING UNITED STATES ATTORNEY

_____
WILLIAM A. BRADFORD
Assistant United States Attorney

_____ 8/20/09
KATHLEEN GIACOBBE
Defendant

_____ 8/20/09
SCOTT GSELL
Attorney for Defendant

Signed this the 20 day of August, 2009.

*Robert J. Conrad*
ROBERT J. CONRAD
UNITED STATES DISTRICT JUDGE